**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Terrence NEWSOME,**
**Defendant–Appellant.**

No. 89–1379.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 7, 1989.

Decided Jan. 31, 1990.

Richard Delonis, Asst. U.S. Atty., Kathleen Moro Nesi, Asst. U.S. Atty. (argued), Detroit, Mich., for plaintiff-appellee.

Jill L. Price (argued), Federal Public Defenders Office, Detroit, Mich., for defendant-appellant.

Before KRUPANSKY and NELSON, Circuit Judges, and BROWN, Senior Circuit Judge.

DAVID A. NELSON, Circuit Judge.

This is an appeal under the sentencing guidelines. The defendant-appellant, Terrence Newsome, entered into a plea agreement that said his maximum term of imprisonment could not exceed 57 months. The guideline sentence range was only 33–41 months. Without specifying a legitimate reason for a departure from the guideline range, according to Mr. Newsome's submission on appeal, the district court imposed a sentence of 57 months, the maximum permitted under the plea agreement.

Mr. Newsome contends that (a) the sentence was imposed in violation of law, and (b) the upward departure from the guideline range was unreasonable. The government disputes both contentions, and raises a question as to whether, under 18 U.S.C. § 3742(c)(1),[1] the sentence is appealable at all.

We do not read 18 U.S.C. § 3742(c)(1) as barring an appeal filed under 18 U.S.C. § 3742(a)(1), a section that authorizes the filing of a notice of appeal for review of a sentence "imposed in violation of law." Moreover, the statutory bar applies only in the case of a plea agreement that includes a "specific" sentence under Rule 11(e)(1)(C), Fed.R.Crim.P.; Mr. Newsome's plea agreement, in our view, does not fit that description.

As to the merits of the appeal, it appears to us that the district court failed to make a specific finding of an aggravating circumstance that would justify an upward departure from the guideline range. Under 18 U.S.C. §§ 3553(b) and (c), a sentence exceeding the guideline range may not be imposed without such a finding being an-

---

1. As amended effective November 18, 1988, § 3742(c)(1) provides that "[i]n the case of a plea agreement that includes a specific sentence under rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure ... a defendant may not file a notice of appeal under [18 U.S.C. § 3742(a)(3) or (4)] unless the sentence imposed is greater than the sentence set forth in such agreement."

nounced in open court. Accordingly, we shall remand the case for sentencing.

## I

A criminal complaint filed against Mr. Newsome in October of 1988 alleged that on September 23, 1988, while armed with a handgun, Newsome violated 18 U.S.C. § 2113 by feloniously taking approximately $3,023 from a federally insured savings and loan company in Redford, Michigan. The complaint also alleged that Mr. Newsome robbed the Michigan National Bank, in Dearborn, Michigan, six days later. The complaint was accompanied by an affidavit of a special agent of the Federal Bureau of Investigation explaining in detail why Mr. Newsome was believed to be the individual who had committed both robberies.

Mr. Newsome turned himself in a few days after the filing of the complaint. He told the authorities that he had participated in a total of five bank robberies in the Detroit area, including the two specified in the complaint and one other that came under federal jurisdiction. His statement also incriminated a fellow robber.

According to the case agent, Mr. Newsome admitted initially that he was armed with a handgun at the time of the Redford robbery. Newsome denied having been armed during any of the other robberies. The teller who was involved in the Redford episode told the FBI that he saw the handle of a gun in an inside pocket of the jacket of the man who committed the crime. When the presentence report was prepared, however, Mr. Newsome maintained that he had not been in possession of a firearm during any of the robberies, including the robbery in Redford on September 23rd.

In December of 1988, after obtaining legal counsel, Mr. Newsome entered into a plea agreement pursuant to Rule 11, Fed. R.Crim.P. Waiving indictment, Mr. Newsome pleaded guilty to a single-count information charging him with unlawfully taking $3,023 from the savings and loan in Redford. The information did not charge that Mr. Newsome was armed. The plea agreement contained a promise that "the defendant will not be charged by the federal government for other bank robberies which he has disclosed to the government." With respect to sentencing, the plea agreement said that "[t]he maximum term of imprisonment shall not exceed 57 months (4 years and 9 months)."

The cap of 57 months was agreed to, we are informed, because of counsel's miscalculation of the guideline range. Counsel thought that the range would be 46 to 57 months, but the probation officer who subsequently prepared the presentence report determined that the range was only 33–41 months. (In making his calculation, the officer assumed that Mr. Newsome was in possession of a gun when he committed the robbery with which he was charged.) Only if Newsome had been convicted of the two other federal-jurisdiction robberies in question would the range have been 46–57 months. No one challenged the probation officer's 33–41 month calculation, and the district court appears to have accepted it as correct.

Prior to the sentencing hearing, Mr. Newsome's counsel filed a memorandum urging the district court not to impose a sentence outside the guideline range. The memorandum stressed that Newsome insisted he was unarmed when he committed the robbery; that there had been no discharge of a firearm in any event; and that to sentence a defendant on the basis of uncharged conduct "would discourage defendants from fully and honestly disclosing information when talking with law enforcement officials." (The "uncharged conduct" referred to in this connection was not possession of a firearm, but commission of robberies that had not been charged.) "Defendant's disclosure provided the information necessary to resolve and close the file[s] on several bank robberies," the memorandum argued, adding that "[i]f a Defendant's full disclosure of information can be later used against him for sentence enhancement, defendants will soon stop providing this information."

Both in her memorandum and in her oral presentation at the sentencing hearing, Mr. Newsome's lawyer pointed out that where a defendant agrees to provide self-incrimi-

nating information concerning unlawful activities of others, and the government agrees that the self-incriminating information so provided will not be used against the defendant, it is the policy of the Sentencing Commission that the defendant should not be subject to an increased sentence because of his cooperation. See Guidelines § 1B1.8 and Application Note 1. Counsel went on to say, in her argument, that

> "If the Court utilizes these additional robberies to go outside the sentencing guidelines what the Court is essentially doing is penalizing this Defendant for his early cooperation.

> My standard procedure in representing a Defendant if I get one before he's made a full statement to the Government under those Guidelines, would be to reach a plea agreement that ... would not allow that information to be used to penalize that Defendant.

> However, because this Defendant from the very beginning chose to be open, straight forward and honest with the agents, he finds himself in a worse position before this Court than a Defendant who has chosen not to cooperate at the initial early stages."

In stating its reasons for imposing a sentence above the guideline range, the district court said that it understood counsel's argument, but that the court "can't look at those kind[s] of things." The court went on to suggest, as we interpret its remarks, that a longer sentence might serve the goals of rehabilitation and deterrence better than a sentence within the guideline range. "[I]f rehabilitation is a theory of incarceration," the court said, "then the longer he's going to be incarcerated the more rehabilitat[ed] hope[fully] he will become...." Similarly, after noting that "the defendant has had a history of being involved in criminal activity," the court said that *"without holding his past records specifically against him,* the longer he spends in jail may be more of a deterrent" for him and others. (Emphasis supplied.)

One other factor, the court said, was "very important:" Mr. Newsome voluntarily entered his plea "knowing full well that [57 months] was going [to] be the maximum amount of time that would be allowed in this particular matter." The court concluded its statement as follows:

> "weighing that [*i.e.,* the agreed 57–month cap] in terms of the punishment[,] of the deterren[ce,] of the rehabilitation[,] of the psyche, as I would like to call it, of the Defendant in terms of getting prepared for taking his punishment, I think all of those things in this particular matter would justify deviating from the guidelines and I think this is an appropriate case."

## II

■ As noted at the outset of this opinion, a defendant who has entered into a plea agreement "that includes a *specific sentence* under rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure ... may not file a notice of appeal under [18 U.S.C. § 3742(a)(3) or (a)(4)] unless the sentence imposed is greater than the sentence set forth in such agreement." 18 U.S.C. § 3742(c). (Emphasis supplied.)

Although the plea agreement in the case at bar includes a cap on the sentence to be imposed, the agreement does not include a "specific sentence" within the meaning of Rule 11(e)(1)(C). Rule 11(e)(1)(C) speaks only of an agreement "that a specific sentence is the appropriate disposition of the case." Here, obviously, there was no agreement that a "specific sentence is the appropriate disposition of the case." The agreement was that the sentence would not *exceed* 57 months; there was no agreement that the sentence would *be* 57 months.

At the sentencing hearing, the government indicated that is would neither join in nor oppose the defendant's request that there be no upward departure from the guideline range of 33–41 months; the government preferred "simply [to] leave the matter to the Court's discretion." The government cannot have it both ways; it cannot say both that it is leaving an upward departure to the court's discretion

and that a specific sentence reflecting an upward departure of 16 months has been agreed to as the appropriate disposition of the case.

As we have seen, moreover, the restriction on appeals applies only to the extent that the appeal is taken under 18 U.S.C. § 3742(a)(3) or (a)(4). The restriction does not extend to an appeal taken under 18 U.S.C. § 3742(a)(1). The latter subsection provides that a defendant may file a notice of appeal for review of a sentence "imposed in violation of law." Defendant Newsome asserts that his sentence was imposed in violation of law, and there can be no question of this court's power to adjudicate that issue.

## III

Newsome's contention that the sentence was imposed in violation of law rests principally upon the alleged failure of the district court to find a specific "aggravating circumstance" thought to justify a sentence above the guideline range.

18 U.S.C. § 3553(b) makes it mandatory that the court impose a sentence within the guideline range "unless the court finds that there exists an aggravating circumstance ... of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." If the sentencing court determines that such an aggravating circumstance exists, the court must state "the *specific* reason for the imposition of a sentence different from that described." 18 U.S.C. § 3553(c)(2). (Emphasis supplied.)

The commission of uncharged offenses could constitute grounds for an upward departure, of course, but only if the court specifically finds that such offenses constitute an "aggravating circumstance" of the kind described in the statute. Here the district court said, *in haec verba*, that it was not holding Mr. Newsome's past record against him "specifically." If the uncharged offenses are not held against the defendant "specifically," under the statute, they may not be held against him at all.

■ The fact that the plea agreement caps Mr. Newsome's sentence at 57 months does not, as we see it, justify a sentence above the guideline range. It is true that Mr. Newsome and his counsel recognized the possibility that the court might find grounds for imposing a sentence above what was originally understood to be the guideline range. But under the statute, as we read it, the fact that the defendant chose to take out an insurance policy against the court's departing from what the defendant thought was the guideline range cannot be grounds for the court's making an upward departure from the guideline range as calculated by the court. To make such a departure, the court must specifically find some aggravating circumstance that ought to result in a higher sentence. The defendant's miscalculation of the guidelines could hardly constitute such an aggravating circumstance, and neither could the defendant's desire to insure that in no event would he spend more than four years and nine months in prison.

It is unimportant whether Defendant Newsome and his lawyer calculated the guideline range correctly. What is important is whether the Sentencing Commission, in formulating the guideline range that actually applies here, adequately took into consideration whatever "aggravating" circumstances might be cited by the sentencing court as the "specific reason" for an upward departure from the guideline range. The defendant's own guideline calculations, or miscalculations, have nothing to do with that.

It would not be lawful for the district court to impose a sentence above the guideline range on the theory that such a sentence, as an abstract proposition, would better serve the interests of deterrence and rehabilitation than would a sentence within the guideline range. It is certainly true, as the district court noted, that the longer a bank robber is incarcerated the longer he will be deterred from committing more bank robberies. We must presume that the Sentencing Commission was capable of

making such deductions for itself, however, and we know that the commission took deterrence and rehabilitation into account when it developed the guideline ranges in the first place. If the district court finds that Terrence Newsome is more in need of deterrence or rehabilitation than the ordinary bank robber would be, we need to be told why. Specifically. We need to be told the specific reason, in other words, why the sentencing court finds (if it does so find) that this particular case presents an "aggravating circumstance" of a sort "not adequately taken into consideration by the Sentencing Commission" in formulating the guideline ranges.

Having parsed the district court's statement of reasons as carefully as we know how, we remain uncertain of the court's specific reason for the imposition of a sentence above the guideline range. We can guess, to be sure—but that, under the statute, is not good enough.

## IV

Where a court of appeals determines, as we have determined here, that a sentence was imposed in violation of law, 18 U.S.C. § 3742(f)(1) requires the court to remand the case for further sentencing proceedings. That being so, it is unnecessary for us to decide whether, as urged by Defendant Newsome, the 57–month sentence was "unreasonable" within the meaning of 18 U.S.C. § 3742(e)(3). We could not properly pass on the reasonableness of the sentence in any event, because § 3742(e)(3)(B) says, not unreasonably, that in assessing reasonableness, we must have regard for "the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c)." Not having been favored by the district court with a proper statement of reasons, we are in no position to decide the question of reasonableness.

In remanding the case for further sentencing proceedings, we are directed by § 3742(f)(1) to give the district court "such instructions as the court [of appeals] considers appropriate." What we expect the district court to do, obviously, is to determine whether there exists here an aggravating circumstance of a kind not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. If the district court finds that such a circumstance does exist, the court must further determine whether that circumstance should result in a sentence outside the prescribed range of 33–41 months. If that determination is in the affirmative, the court must then decide what the sentence should be. And if the sentence exceeds the guideline range, the court not only must state, on the record, the reasons for its imposition of the particular sentence, but must state the "specific reason" for the imposition of a sentence exceeding the guideline range.

■ One further instruction is appropriate. At the original sentencing proceeding, the district court indicated that it could not look at Mr. Newsome's voluntary disclosure of his other bank robberies or at the policy implications of penalizing him for making such disclosures. We think the court could have looked at this.

In 18 U.S.C. § 3661, Congress declared that: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." The latest recodification of this statute, originally enacted in 1948, "makes it clear that Congress intended that no limitation would be placed on the information that a court may consider in imposing an appropriate sentence under the future guideline sentencing system." Commentary to Guidelines § 1B1.4. Against this background, we think that the extent of the defendant's post-arrest cooperation is part of the totality of the circumstances that the district court may consider in determining the sentence. The court clearly has discretion to consider—and either to accept or reject—Mr. Newsome's argument that he should be sentenced within the guideline range as encouragement for future defendants to cooperate as he did.

The case is REMANDED for further sentencing proceedings.