972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William A. HARVEY, Defendant-Appellant.
 No. 91-30319.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 6, 1992
Decided Aug. 11, 1992.
 
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William A. Harvey appeals his conviction on a plea of guilty to three counts of distribution of methamphetamine, and his sentence to 188 months. Harvey moved to withdraw his guilty plea before sentencing; after an evidentiary hearing, the district court denied the motion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Harvey argues that the district court erred in denying his motion to withdraw his guilty plea because the court was not informed in the Rule 11 hearing of a contingent plea agreement with a co-defendant; there was no factual basis for the plea; it was not voluntary; and he did not understand the nature of the charges against him. Fed.R.Crim.P. 32(d) provides that the district court may permit withdrawal of a guilty plea "upon a showing by the defendant of any fair and just reason." "It is well-established that a defendant has no right to withdraw his guilty plea, and that a withdrawal motion is committed to the sound discretion of the district court." United States v. Signori, 844 F.2d 635, 637 (9th Cir.1988). "[T]he defendant has the burden on appeal of showing that the district court abused its discretion in denying the motion." Id.
 
 
 4
 * Evidence adduced at the withdrawal of plea hearing indicates that the government told Harvey it would refuse to accept the plea of Harvey's co-defendant Doug Siemsen unless Harvey also pleaded guilty. The contingent nature of the plea agreement was not disclosed to the court before Harvey's plea was accepted. Rule 11(e)(2) requires that the "court shall, on the record, require disclosure of the [plea] agreement in open court." Assuming that Rule 11(e)(2) was violated, the nondisclosure was nevertheless harmless: Harvey had said in writing that he was guilty as charged; he was asked personally by the court whether he had committed the acts and pled guilty to them; he acknowledged in writing that no threats had been made nor had any agreements been reached other than those in the written agreement to induce him to plead guilty; he was asked personally by the court whether there had been any threats by anyone to get him to plead guilty; he was present at the guilty plea, taken just after his, of co-defendant Siemsen; and there is no indication of improper advice given to Harvey by his long-time, experienced counsel. The district court held an extensive hearing on Harvey's motion to withdraw the plea, and was satisfied that Harvey's plea was a voluntary and intelligent choice on his part. Given Harvey's pre-plea statements, both in writing and orally, whatever error there may have been in failing to disclose the package deal was harmless. See United States v. Castello, 724 F.2d 813 (9th Cir.), cert. denied, 467 U.S. 1254 (1984).[1]
 
 B
 
 5
 Harvey contends that he contested the factual basis of the plea during the Rule 11 hearing when he said he "accept[s] the responsibility" for intentionally and unlawfully distributing methamphetamine on the three occasions charged in the counts to which he offered a plea. He also suggests that his statement responsive to a throw-away question by the court about whether he was familiar with opinions of a Ninth Circuit judge, to the effect that "I imagine I will be studying [Ninth Circuit law] now," should have clued in the sentencing court that he planned to persist in defense of the case. Neither contention has merit.
 
 
 6
 Harvey's signed plea agreement said he was guilty and was pleading guilty because he was in fact guilty of the charges in Counts VII, VIII, and IX, and acknowledged that he had knowingly, intentionally, and unlawfully distributed methamphetamine on the three specific dates charged in those counts; he repeated orally that he pled guilty to those charges. Nor does Harvey's statement in his pro se objections to the presentence report that he disputed his guilt, although he accepted responsibility for the crimes to which he pleaded guilty, undermine the factual basis for his plea. The district court resolved that objection against Harvey, and we cannot say it was clearly erroneous in light of Harvey's pre-plea oral and written statements to the contrary. See United States v. O'Brien, 601 F.2d 1067, 1069 (9th Cir.1979).
 
 C
 
 7
 Harvey argues that his plea was involuntary and that the district court's inquiry into voluntariness did not satisfy Fed.R.Crim.P. 11(d) on the grounds already considered, and in addition, because neither he nor his attorney was furnished with an exculpatory statement by a key government witness and because information crucial to an alibi defense was withheld. For the reasons already stated, and having reviewed the plea agreement, sentencing hearing, evidence adduced at the post-plea hearing, and the district court's opinion and order, we conclude that Harvey's plea was voluntary. See Shah v. United States, 878 F.2d 1156 (9th Cir.1989).
 
 
 8
 The evidence Harvey claims was withheld consists of investigation reports on a Wyoming methamphetamine conspiracy involving Siemsen that fail to mention Harvey and that describe the activities of various co-conspirators at relevant times, as well as evidence that Seth Lukens identified Ricky Sunday, a deceased motorcycle gang member, as his supplier before Lukens identified Harvey and before the government alleges that Harvey asked Lukens to identify Sunday. Whether or not received,[2] this information at best shows that Harvey was not present when some drug activities occurred, not that he was not present when the three to which he pleaded guilty went down. Therefore, the "withheld" evidence is not material, and does not call into question Harvey's knowledge about what he said he did.
 
 D
 
 9
 Harvey's argument that he did not understand the nature of the charges against him rests on the fact that the amount of drugs to which he was pleading was changed at the Rule 11 hearing from one ounce to one half on Count VII. In turn, he contends, the amount of drugs determines the guideline range. The offense level set by the plea agreement was 188 months, the low end of offense level 36, whereas the presentence report computed an offense level of 18 based on the amount of drugs involved in the counts to which Harvey pleaded guilty. From this, Harvey argues that he was confused about the charges as well as the mechanism of the sentencing guidelines.
 
 
 10
 The district court questioned Harvey about the criminal conduct with which he was charged and engaged in a protracted colloquy about the guidelines, the plea agreement, and the fact that it is the sentencing judge who will determine what the guidelines are after he, the parties, and counsel have seen the presentence report, the defendant has had an opportunity to object, and the court has had an opportunity to consider comments and suggestions from both sides. Harvey's responses reflect no confusion; while he said he did not understand how the government arrived at a level 36, it is clear in context that he meant "did not agree with," not "did not comprehend." Cf. United States v. Kamer, 781 F.2d 1381, 1383-85 (9th Cir.1986) (Rule 11(c) not satisfied where questioning of defendant on the nature of the charge was very brief and where defendant made statements indicating he did not understand elements of the offenses charged).
 
 
 11
 The written plea agreement acknowledged that Harvey "specifically understands ... that all relevant conduct of the defendant or defendants either charged or uncharged can be utilized in making sentencing guideline calculations." And, at the Rule 11 hearing, Harvey said that he understood that if the court did not accept the guideline range recommended by the government, he could not withdraw his plea of guilty.
 
 
 12
 Under these circumstances Harvey has failed to show any fair and just reason to withdraw his plea, Fed.R.Crim.P. 32(d), and the district court properly exercised its discretion in refusing to allow him to withdraw the guilty plea. Signori, 844 F.2d at 637.
 
 II
 
 13
 Harvey's challenges to calculation of his sentence fail because he agreed "not to appeal from any sentence of 188 months pursuant to [the government's] recommendation." He received a sentence of 188 months pursuant to the government's recommendation. Harvey has not demonstrated that the plea agreement is invalid,[3] therefore his agreement not to appeal is binding. United States v. Navarro-Botello, 912 F.2d 318, 322 (9th Cir.1990).
 
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Harvey urges us to follow United States v. Daniels, 821 F.2d 76, 79-81 (1st Cir.1987), in which the First Circuit reversed a judgment because of the government's failure to disclose the package part of the plea agreement. Daniels is distinguishable, however, in that the defendant had indicated at the Rule 11 hearing that he had to go along with what two other family members wanted to do, and the district court failed to follow up with a sufficiently searching inquiry to resolve the contradiction between the defendant's statement that he was not pleading guilty because of threats or coercion and his statement casting doubt on voluntariness. In light of the failure to disclose, the fact that the package involved family members to whom the defendant was obliged, and his previous disinclination to enter a guilty plea, the court could not say the Rule 11(e)(2) violation was harmless. There are no such extenuating circumstances here
 
 
 [2]
 The government presented evidence at the withdrawal of plea hearing that these materials were in fact furnished to counsel
 
 
 [3]
 United States v. Castro-Cervantes, 927 F.2d 1079, 1081-82 (9th Cir.1991), on which Harvey relies, is distinguishable because there, the district court accepted the plea agreement but then departed upwards, indicating it accepted the plea agreement without believing it adequately reflected the seriousness of the defendant's behavior. Here, by contrast, the district court accepted a plea agreement recommending 188 months and sentenced Harvey to the same. United States v. Newsome, 894 F.2d 852 (6th Cir.1990), is distinguishable because it did not involve a waiver of appeal in the plea agreement itself