**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Todd Vincent SIMS, Defendant–Appellant.**

**No. 02–1734.**

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2004.

Kathleen Moro Nesi, Asst. U.S. Attorney, for Plaintiff–Appellee.

Lisa B. Kirsch–Satawa, Southfield, MI, Defendant–Appellant.

Before: MARTIN and SUTTON, Circuit Judges; MILLS, District Judge.*

BOYCE F. MARTIN, JR., Circuit Judge.

This case was presented as part of a consolidated appeal with *United States v. Nelson*, No. 02–2022, which will be discussed in a separate opinion. In this case, Todd Vincent Sims challenges his sentence following his guilty plea conviction for identity theft on a number of grounds. For the following reasons, we affirm in part and reverse in part.

Sims's plea agreement stipulated to the following set of facts. In October 2001, during his employment with the Detroit Board of Education, Sims, at Tanisha Hollman's insistence, stole approximately one hundred eighty personnel forms of other Detroit Board of Education employees. These forms contained such personal identifying information as the employee's social security number, which is the key piece of information that thieves use to take over a person's identity. Sims stole this information fully aware that Hollman intended to use it for illegal purposes. Hollman did in fact use this information to commit credit card and bank fraud. Sims entered into a Rule 11 plea agreement whereby he agreed to plead guilty to one count of aiding and abetting identity theft in violation of 18 U.S.C. § 1028, in return for dismissal of all other charges. The plea agreement reserved Sims's right to appeal the district court's denial of his motion for a downward departure. Additionally, the agreement demonstrated the parties' disagreement over whether the 2000 or 2001 Sentencing Guidelines applied, but both parties explicitly agreed to be bound by the district court's finding on this issue.

Under the 2001 Guidelines, the district court sentenced Sims to one year and nine months imprisonment, the maximum contemplated under the plea agreement. This amount was calculated based upon a level one criminal history and an offense level of fifteen, which included an eight level increase from his base offense level under Guideline section 2B1.1(b)(1)(E), and a three level decrease in his offense level for his acceptance of responsibility pursuant to section 3E1.1 of the Sentencing Guidelines. This timely appeal followed.

On appeal, Sims challenges his sentence on the following grounds: (1) that the district court erred in using the 2001 version of the Sentencing Guidelines; (2) that the district court erred by rejecting an adjustment in his role based on a theory of aberrant behavior pursuant to Guideline section 5K2.20; (3) that the district court erred by rejecting a downward departure based on his minimal involvement pursuant to Guideline section 3B1.2; and (4) that the district court erred in determining that the loss to the victims equaled $150,000, which increased Sims's offense by eight levels pursuant to section 2B1.1(b)(1)(E) of the Sentencing Guidelines. After a thorough review of the record and filings of the parties in this case, we find Sims's first three arguments without merit and find no need for further explanation. Thus, our opinion will focus

---

* The Honorable Richard Mills, United States District Judge for the United States District Court for the Central District of Illinois, sitting by designation.

on Sims's final argument-that the district court erred in its loss determination.

■ Over Sims's objection, the district court sentenced him to twenty-one months of imprisonment, based upon its belief that he should be held responsible for $150,000 worth of losses as a result of his role in the conspiracy. The United States concedes that the district court erred in holding Sims responsible for $150,000 and that it did not prove the necessary facts to hold Sims liable for that amount, which included the losses caused solely by his co-conspirators. By the United States' calculation, Sims is directly responsible for an amount between $30,000 and $70,000. If the district court had used this amount, Sims would have only received a six level increase in his base offense level, rather than the eight level increase that the district court imposed. Thus, the United States concedes that this Court should grant a limited remand for the purpose of resentencing.

■ Although all parties agree that the district court erred in its calculation of losses as a result of Sims's fraudulent activities, we are confronted with the jurisdictional hurdle of whether Sims's challenge of his sentence is barred by the application of 18 U.S.C. § 3742(c). Pursuant to 18 U.S.C. § 3742(c), Sims's voluntary decision to enter into a plea bargain with the United States circumscribes his ability to challenge the district court's sentencing decision. Specifically, section 3742(c) states: "In the case of a plea agreement that includes a *specific sentence* under rule 11(e)(1)(C) [now Rule 11(c)(1)(C) ] of the Federal Rules of Criminal Procedure-(1) a defendant may not file a notice of appeal under paragraph (3) or (4) of subsection (a) unless the sentence imposed is greater than the sentence set forth in such agreement. . . ." 18 U.S.C. § 3742(c)(1) (emphasis added). We con-

clude that Sims's appeal of his sentence is not barred by the application of 18 U.S.C. § 3742(c) for two important reasons.

First, we note that Sims's plea agreement, which authorized "no more than 21 months of imprisonment," did not include a "specific sentence" such that 18 U.S.C. § 3742(c) operates to bar appeals brought under 18 U.S.C. § 3742(a)(3) or (4). *See United States v. Newsome*, 894 F.2d 852, 853 (6th Cir.1990) ("Moreover, the statutory bar applies only in the case of a plea agreement that includes a 'specific' sentence under Rule 11(e)(1)(C); Mr. Newsome's plea agreement [which set the maximum term of imprisonment at 57 months], in our view, does not fit that description.") (internal citations omitted).

Second, regardless of whether Sims's plea agreement barred him from appealing his sentence on the grounds contained in 18 U.S.C. § 3742(a)(3) or (4), Sims's plea agreement does not bar him from appealing his sentence on the grounds that his sentence was either "imposed in violation of law" or "as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(1) & (2). *See United States v. Smith*, 918 F.2d 664, 669 (6th Cir.1990) (noting that a defendant's plea agreement does not prevent the defendant from appealing on the grounds contained in 18 U.S.C. § 3742(a)(1) & (2)). Properly interpreted, Sims argues that the district court erred in its application of section 1B1.3(a)(1)(B) of the Sentencing Guidelines to the facts of his case. Without question, this is an issue over which we have appellate jurisdiction.

Section 1B1.3(a)(1)(B) of the Sentencing Guidelines provides that a defendant who is part of a "jointly undertaken criminal activity" is accountable for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." Upon review of the record,

which includes the United States' concession at the sentencing hearing, in its brief presented to this Court and in oral argument before this Court that it did not have any proof establishing that Sims foresaw or reasonably could have foreseen the losses attributed to his co-conspirators' independent criminal activities, we find that the district court clearly erred in holding Sims responsible for the unforeseen losses caused by his co-conspirator's activities under section 1B1.3(a)(1)(B) of the Sentencing Guidelines.

For the foregoing reasons, we REMAND this case to the district court for resentencing consistent with this opinion.