UNITED STATES of America, Appellee,

v.

Robert HUERTA, Defendant–Appellant.

No. 1015, Docket 88–1362.

United States Court of Appeals,
Second Circuit.

Argued April 13, 1989.

Decided June 28, 1989.

Helen Coady, Legal Aid Soc. Federal Defender Services Unit, New York City, for defendant-appellant.

Beryl A. Howell, Asst. U.S. Atty., E.D. N.Y., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty. for E.D.N.Y., and David C. James, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for appellee.

Before NEWMAN, CARDAMONE and WINTER, Circuit Judges.

WINTER, Circuit Judge:

This appeal involves the constitutionality of 18 U.S.C. § 3553(e) (West Supp.1988), which states that "upon motion of the government" a defendant may be eligible for a sentence below the statutory minimum for providing substantial assistance to the government. Appellant Huerta contends that the provision violates the separation of powers and the due process guarantee. We disagree and affirm.

## BACKGROUND

Huerta was arrested on December 10, 1987 after he had arranged for the sale and delivery of one kilogram of cocaine to a confidential informant of the Drug Enforcement Administration ("DEA"). After Huerta was charged with various drug offenses, the government offered him the opportunity to cooperate in its investigato-

ry efforts. In January 1988, Huerta informed DEA agents that he would arrange a cocaine deal in New York with a Miami cocaine supplier. The DEA agents were busy with other commitments and asked Huerta to postpone the deal. Huerta never advised the agents of another date for the deal but instead waited until after the deal had been completed to contact the DEA. At no time did Huerta reveal to DEA agents the identity or address of a cocaine supplier. DEA agents attempted to meet with Huerta on several occasions, but he failed to show up at the planned meetings.

Huerta thereafter entered into a plea agreement with the government. Because his offense occurred after November 1, 1987, he was sentenced under the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.* (Supp. V 1987) and 28 U.S.C. § 991–998 (Supp. V 1987), including the United States Sentencing Commission Guidelines and Policy Statements (1987) (hereinafter "Sentencing Guidelines"). The penalty for the offense to which Huerta pled guilty included a five-year mandatory minimum sentence, of imprisonment, 21 U.S.C. § 841(b)(1)(B)(ii)(II) (1982 & West Supp.1988).

At sentencing, Huerta's counsel moved for a downward departure from the statutory minimum on the grounds that appellant had cooperated with the government. In response, the government stated that it did not intend to move for such a departure because it believed that Huerta's purported cooperation fell well below the level of substantial assistance. The district court concluded that, because Section 3553(e) makes a motion by the government a prerequisite to reduction below a statutory minimum in return for cooperation, it lacked authority to impose a sentence below such a minimum. It then sentenced Huerta to the mandatory minimum of five years.

## DISCUSSION

■ Section 3553(e), entitled "Limited authority to impose a sentence below a statutory minimum," provides:

Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e). The relevant policy statement, promulgated by the Sentencing Commission pursuant to 28 U.S.C. § 994, restates the requirement of a motion by the government before a sentencing judge may depart below the statutory minimum:

Upon motion of the government stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

Policy Statement 5K1.1, United States Sentencing Commission Guidelines Manual. These provisions unambiguously limit the discretion of a judge to impose a sentence below the statutory minimum on grounds of the defendant's cooperation to cases in which the government makes a motion requesting such a departure.

### 1. · The Separation of Powers

■ Huerta's separation of powers argument is based on the premise that sentencing is a judicial prerogative and necessarily includes the power to consider all relevant factors. From this premise, he concludes that a scheme which delegates to the prosecutorial arm of the Executive Branch the authority to control when a judge may consider cooperation with the government as a mitigating factor interferes with or usurps a constitutionally assigned judicial function. We disagree.

The Supreme Court has "never held that the Constitution requires that the three Branches of Government 'operate with absolute independence.'" *Morrison v. Olson,* —— U.S. ——, 108 S.Ct. 2597, 2620, 101 L.Ed.2d 569 (1988) (quoting *United*

*States v. Nixon,* 418 U.S. 683, 707, 94 S.Ct. 3090, 3107, 41 L.Ed.2d 1039 (1974)). Instead, courts are to employ a "flexible understanding of separation of powers." *Mistretta v. United States,* —— U.S. ——, 109 S.Ct. 647, 659, 102 L.Ed.2d 714 (1989). In *Mistretta,* the Supreme Court held that the promulgation of binding determinate sentencing guidelines by the Sentencing Commission, an independent body within the Judicial Branch, was consistent with the separation of powers. In doing so, it directed courts to "up[hold] statutory provisions that to some degree commingle the functions of the Branches, but that pose no danger of either aggrandizement or encroachment." *Id.,* 109 S.Ct. at 660 (citing *Morrison,* 108 S.Ct. 2597). The statute in question clearly passes muster under this test.

We note first that the statute does not permit the government to engage in "adjudication." To be sure, the decision whether to make a motion for departure affects whether a defendant will be eligible to be considered for a sentence below the prescribed range. The power to decide the motion and to pronounce the sentence, however, remain with the court. *See United States v. Musser,* 856 F.2d 1484, 1487 (11th Cir.1988) (the *"only authority 'delegated'* ... is the authority to *move* the district court for a reduction of sentence ... authority to actually reduce a sentence remains vested in the district court"), *cert. denied,* —— U.S. ——, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989).

The authority under Section 3553(e) to affect sentences is, moreover, considerably more limited than other means by which the Executive has traditionally exercised power over the sentences defendants ultimately receive. The Executive thus has the exclusive authority to decide whether to prosecute, *United States v. Nixon,* 418 U.S. 683, 693, 94 S.Ct. 3090, 3100, 41 L.Ed.

2d 1039 (1974); *see also Inmates of Attica v. Rockefeller,* 477 F.2d 375, 379–80 (2d Cir.1973), and to choose among alternative charges.[1] *See United States v. Batchelder,* 442 U.S. 114, 124–25, 99 S.Ct. 2198, 2204–05, 60 L.Ed.2d 755 (1979); *United States v. Jackson,* 805 F.2d 457, 460–61 (2d Cir.1986), *cert. denied,* 480 U.S. 922, 107 S.Ct. 1384, 94 L.Ed.2d 698 (1987). Similarly broad powers were exercised by the United States Parole Commission. That Commission, which was abolished by the Sentencing Reform Act, 18 U.S.C. § 3551 *et seq.,* was an agency in the Department of Justice. *See* 18 U.S.C. § 4202 (1982), repealed by Pub.L. No. 98–473, § 218(a)(5), 98 Stat. 2027 (1984). It was established for the express purpose of minimizing disparities in the sentencing practices of judges, *United States v. Addonizio,* 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979), and had the power to determine when a particular individual would be released on parole. *See id.* Notwithstanding this direct authority over individual sentencing decisions, *see Geraghty v. United States Parole Commission,* 719 F.2d 1199, 1208 (3d Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1602, 80 L.Ed.2d 133 (1984), the Parole Commission was held not to violate the separation of powers. *See, e.g., id.* at 1211; *Artez v. Mulcrone,* 673 F.2d 1169 (10th Cir.1982). The authority to decide whether or not to prosecute, and on what charges, and to determine the date of parole is, we believe, far more intrusive on sentencing decisions than the limited power afforded by Section 3553(e).

Another relevant factor in weighing the validity of a statutory scheme that commingles governmental functions is the relative expertise of the branches involved. In *Morrison v. Olson,* —— U.S. ——, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988), the Supreme Court found no incongruity in empowering

---

1. In the instant case, for example, the government charged Huerta with possession of more than five hundred grams of cocaine under 21 U.S.C. § 841(b)(1)(B)(ii)(II), carrying a five-year term minimum mandatory sentence. The government could also, in its discretion, have charged possession of an unspecified amount of a Schedule II controlled substance under 21

U.S.C. § 841(b)(1)(C) and thereby have altered the sentencing range available to the court from five to forty years to zero to twenty years, or, as another option, have limited appellant's potential exposure to one or more "telephone counts" carrying a sentencing range of zero to four years each. *See* 21 U.S.C. § 843(b) and (c).

the judiciary to appoint independent prosecutors in part because "in light of judicial experience with prosecutors in criminal cases, it could be said that courts are especially well qualified to appoint prosecutors." *Id.*, 108 S.Ct. at 2611 n. 13. We believe that whether a defendant's cooperation has risen to the level of "substantial assistance" to the government is self-evidently a question that the prosecution is uniquely fit to resolve. Nor do we perceive any danger of misuse of this power. There are significant institutional incentives for the prosecution to exercise sound judgment and to act in good faith in deciding whether to make a Section 3553(e) motion. The government has an interest in encouraging defendants to cooperate with law enforcement efforts. The reasonable use of substantial assistance motions for those who cooperate will make others more likely to do so in the future. In addition, because promises to make such motions are analogous to plea agreements, a defendant would likely not be without recourse in the case of a breach by the government. *Cf. Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (defendant has remedies for breach of plea agreement).

For similar reasons, Section 3553(e) does not usurp an inherently judicial function by preventing sentencing judges from exercising their constitutional prerogatives. "[S]entencing is not inherently or exclusively a judicial function," *Geraghty,* 719 F.2d at 1211, and "the sentencing function long has been a peculiarly shared responsibility among the Branches of government and has never been thought of as the exclusive constitutional province of any one Branch." *Mistretta,* 109 S.Ct. at 664 (citing *United States v. Addonizio,* 442 U.S. 178, 188–89, 99 S.Ct. at 2242–43 (1979)). In *Mistretta,* the Supreme Court reaffirmed that "the scope of judicial discretion with respect to a sentence is subject to congressional control." 109 S.Ct. at 650 (citing *Ex parte United States,* 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916)). In fact, as appellant concedes, Congress can constitutionally eliminate all discretion in sentencing judges by establishing mandatory sentences, *id.* 109 S.Ct. at 650–51, and thus has the power to preclude sentencing judges from giving any consideration to a defendant's cooperation.

■ Although it is of little constitutional consequence, we note that Section 3553(e) does not foreclose a sentencing court from considering a defendant's cooperation as a mitigating factor in deciding what sentence within the applicable range designated by the Guidelines is appropriate, whether or not the government agrees. This authority is not insubstantial, since the maximum end of the range for imprisonment may be as much as twenty-five percent greater than the minimum, *see* 28 U.S.C. § 994(b) (Supp. V 1987), and the time period of a range may extend as long as eighty-one months. *See* Sentencing Table, Sentencing Guidelines at p. 5.2; *United States v. Bermingham,* 855 F.2d 925, 928 (2d Cir.1988) (explaining Sentencing Table). Under the Guidelines, courts may weigh a wide array of factors, 18 U.S.C. § 3661, including "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), to arrive at a sentence that "reflect[s] the seriousness of the offense, [ ] promote[s] respect for the law, and [ ] provide[s] just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). We perceive no reason why a defendant's cooperation is not a relevant factor in applying those standards.

### 2. *Due Process*

■ Huerta also argues that Section 3553(e) violates due process by allowing prosecutors unlimited and unreviewable discretion in deciding whether to make substantial assistance motions and by curtailing a judge's ability to consider evidence of cooperation. We disagree.

In *United States v. Vizcaino,* 870 F.2d 52 (2d Cir.1989), we recently upheld the Sentencing Reform Act of 1984 and the Sentencing Guidelines against an almost identical challenge. *Vizcaino* held that there is no due process right to judicial discretion to consider and accord appropriate weight to all arguably relevant factors

in sentencing an individual in a noncapital case. *Id.* at 54–56; *see also United States v. Frank*, 864 F.2d 992 (3d Cir.1988). Huerta's due process argument regarding Section 3553(e) is merely a variant of the general challenge rejected by us in *Vizcaino. See also United States v. White*, 869 F.2d 822 (5th Cir.1989).

 Like his separation of powers argument, Huerta's due process claim rests on the faulty premise that judicial sentencing discretion cannot be validly circumscribed. As elaborated *supra*, however, there is no right to individualized sentencing, and Congress may constitutionally prescribe mandatory sentences or otherwise constrain the exercise of judicial discretion, *see Mistretta*, 109 S.Ct. at 650; *Geraghty*, 719 F.2d at 1211, so long as such constraints have a rational basis. *United States v. Pineda*, 847 F.2d 64, 65 (2d Cir.1988); *see United States v. Goodface*, 835 F.2d 1233, 1236–37 (8th Cir.1987).

Finally, we reject the argument that due process requires judicial review of the prosecution's decision to forgo a Section 3553(e) motion. There is no precedent establishing such a right, and our discussion *supra* concerning the institutional incentives constraining prosecutors with regard to their authority under Section 3553(e) indicates no discernible need to explore our authority to provide such review.[2]

Affirmed.

---

**2.** Huerta's reliance on the power of federal courts to approve or reject a plea bargain as an example of the necessity for a judicial check on improper prosecutorial influence over sentenc- ing is unavailing. As in the case of plea bargains, a court is free to grant or deny a Section 3553(e) motion by the government.