The UNITED STATES

v.

Daniel BRUNO, Dennis Hiler.

Appeal of Dennis HILER.

No. 89–3512.

United States Court of Appeals,
Third Circuit.

Argued Feb. 5, 1990.

Decided March 6, 1990.

George E. Schumacher, Federal Public Defender and Thomas S. White (argued), Asst. Federal Public Defender, Pittsburgh, Pa., for appellant.

Thomas W. Corbett, Jr., U.S. Atty., Bonnie R. Schlueter (argued), Asst. U.S. Atty., and Paul J. Brysh, U.S. Attorney's Office, Pittsburgh, Pa., for appellee.

Before GREENBERG, SCIRICA, and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Dennis Hiler, defendant, appeals a sentence imposed under the sentencing guidelines promulgated by the Sentencing Commission pursuant to 28 U.S.C. §§ 991–998 (Supp. II 1984). We review defendant's sentence under 18 U.S.C. § 3742(a)(2) (1988).

Defendant pled guilty to the charge of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 846 (1988) pursuant to a plea agreement with the government. As part of that plea bargain, the government agreed to bring defendant's

cooperation to the attention of the sentencing court at the time of sentencing. The agreement also provided that the government, in its discretion, either before defendant's sentencing or up to one year thereafter, could file a motion under § 5K1.1 of the sentencing guidelines. Such a motion would permit the district court to reduce defendant's sentence below the guideline range based on defendant's cooperation. *See* United States Sentencing Commission, *Guidelines Manual*, § 5K1.1 (Oct. 1988).[1]

■ At a sentencing hearing, the government detailed the extent of defendant's cooperation up to that point in time, but it did not file a motion under § 5K1.1. The court determined that the guidelines provided a range for defendant's crime of between 63 and 78 months and sentenced defendant to 72 months of imprisonment. The court also imposed a $50.00 special assessment[2] and five years of supervised release following imprisonment.

### Refusal to Adjust Sentence within the Guideline Range

■ Defendant argues that the district court erred in sentencing him because it failed to consider his cooperation with the government up to the date of sentencing. The plea agreement did require the government to inform the sentencing court of the assistance provided by defendant. This it did. But it is not necessary to consider whether, as defendant argues, the cooperation provision of the plea agreement required the sentencing court to consider the cooperation factor, at least when imposing a sentence within the guideline range. This is so because 18 U.S.C. § 3661 (1988) provides: "No limitation shall be placed on

the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Given the section's purpose to inform the sentencing judge of the pertinent circumstances, we believe the "information" which a district court may consider includes information tendered by a defendant. We are also satisfied, in view of § 3661's global language, that its "conduct" provision embraces cooperation by a defendant. *See United States v. Newsome*, 894 F.2d 852, 857 (6th Cir.1990); *United States v. Huerta*, 878 F.2d 89, 93 (2d Cir.1989) (dictum), *cert. denied*, — U.S. —, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990); *see also Roberts v. United States*, 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980) (pre-guideline case concluding that refusal to cooperate may be considered in sentencing).

Thus, under our reading of the statute, the district court was required to consider defendant's cooperation when sentencing within the guideline range, though it retained discretion as to whether to give effect to that cooperation. Nothing in the Sentencing Reform Act of 1984 or in the guidelines is to the contrary. We are not called upon to decide a case in which consideration of information tendered under § 3661 would be made irrelevant to adjustment within the guideline range by some section of the guidelines.

Defendant contends that the district court refused to consider his cooperation as a factor going to a reduction of his sentence because it believed it was without power to do so in the absence of a motion by the government under § 5K1.1.[3] The

**1.** All references to the guidelines are to the text in effect at the time of defendant's sentencing. *See* 18 U.S.C. § 3553(a)(4) (1988).

**2.** One of the issues raised by defendant's appeal is whether the special assessment statute, 18 U.S.C. § 3013 (1988), violates the Constitution's origination clause. The Supreme Court has granted certiorari in a case in which the Court of Appeals for the Ninth Circuit answered this question in the affirmative. *See United States v. Munoz–Flores*, 863 F.2d 654 (9th Cir.1988), *cert. granted*, — U.S. —, 110 S.Ct. 48, 107 L.Ed.2d

17 (1989). Defendant states that he has raised the issue in order to preserve it pending resolution by the Supreme Court. This court, however, is bound by a prior decision of the Court of Appeals for the Third Circuit which concluded that the statute comports with the origination clause. *United States v. Simpson*, 885 F.2d 36 (3d Cir.1989).

**3.** Section 5K1.1 of the guidelines applies only to departures: "Upon motion of the government stating that the defendant has made a good faith effort to provide substantial assistance in the

government, on the other hand, asserts that the court recognized its power to consider cooperation within the guideline range and did consider it, but refused to exercise its discretion affirmatively. If defendant is correct, the district court erroneously concluded that it lacked power to consider defendant's cooperation within the guideline range, and we will have to vacate defendant's sentence. We turn to the record.

■ The district court held three hearings in connection with the sentencing. The government points to statements by the court at the second hearing held on May 15, 1989, when it said: "The ruling is that at this point I will consider his cooperation only within the guideline range, and that if and when a motion is filed with the Court, then I will consider a downward departure." However, at the final sentencing hearing on July 6, 1989, after defendant's counsel asked the court to consider defendant's cooperation, the court stated:

Well, I don't think it's fair to give Mr. Hiler a double-dip. [The prosecutor] is going to weigh that when he files [a motion under § 5K1.1]—if he does.

. . . .

So, for me to take that into consideration at this point, when it's going to be taken into consideration in due course, would give Mr. Hiler an unfair double-dip as to cooperation.

The court reiterated its position in response to a request by defendant's counsel, Mr. White, that the court clarify its ruling:

THE COURT: But I'm saying at this point it would not be fair to the government, or to the people of the United States for me to take it into consideration now, and then for him to have the same cooperation again taken into consideration subsequently.

MR. WHITE: Okay. So, your Honor is ruling now that you will not take it into consideration at this time?

THE COURT: At this time.

investigation or prosecution of another person who has committed an offense, the court may

We note, preliminarily, that there is nothing about the way in which defendant's cooperation was presented to the district court that would have inexorably led to the defendant's ultimately receiving double credit for the same acts of cooperation. Necessarily, the court could only have considered defendant's cooperation up to the time of sentencing. If the government were to make a motion under § 5K1.1 at some point within the year after sentencing, the court would then be free in ruling on the departure motion to take cognizance of later acts of cooperation. Thus, there was no inherent "double-dipping" problem.

■ Of more pervasive importance here, the district court, in our view, changed its mind and, contrary to the government's position, erroneously concluded that it lacked power to consider defendant's cooperation even in sentencing within the guidelines. Contrary to the court's apparent belief, § 5K1.1 (departure for cooperation) does not speak to the factors the court may consider when sentencing within the guidelines.

Thus, defendant's sentence must be vacated and the defendant resentenced within the guidelines. But this conclusion does not end the matter.

### Refusal to Depart below the Guideline Range

Defendant asserts that the district court erred in considering that it lacked the power to depart below the guidelines at the date of sentencing. The grounds for his contention are not entirely clear, but we will address them to the best of our understanding.

■ Defendant apparently contends that because the cooperation provision in the plea agreement was ambiguous, the government's indication of his cooperation to the court must be treated as the functional equivalent of a motion to depart and that in not doing so the court countenanced a violation of the plea agreement. However-

depart from the guidelines."

ever, the inclusion of the cooperation provision cannot be read here as mandating consideration of departure by the court. Such a result would be directly contrary to the language of the plea agreement itself which is not ambiguous in that it explicitly provides for the discretionary filing of a § 5K1.1 motion by the government.

Defendant also appears to be arguing that the court repudiated the plea agreement and thereby violated defendant's due process rights. Because we have concluded that the court did not violate the plea agreement in refusing to depart, defendant's due process argument fails.

■ Defendant may also be contending that the district court erred in thinking that it was without power to depart because of the existence of the government's promise to consider making a § 5K1.1 motion. The court felt that, because of the possibility of a subsequent § 5K1.1 motion, any departure at the time of sentencing would double count defendant's acts of cooperation. We need not consider this position in relation to departure because, if the district court was without power to depart absent a government motion, any refusal to do so, even based on an inaccurate characterization of such an act as double counting, would be proper. This requires us to turn to another view of defendant's position.

Defendant seems also to be arguing that the court's belief that it lacked power to depart in the absence of a government motion is inconsistent with 18 U.S.C. § 3661 which provides that "[n]o limitation" shall be placed on the information that a court may consider in sentencing. Defendant appears to suggest that the broad discretion as to what the sentencing court should consider under this section would be impermissibly limited by requiring a government motion before a court may depart because of a defendant's cooperation. However, such a limitation flows from another statute, 18 U.S.C. § 3553(b) (1988), which reads in pertinent part:

> The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or miti-

gating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

This section does not authorize departure based on cooperation absent a government motion, because cooperation was considered by the Sentencing Commission, as § 5K1.1 clearly demonstrates. *Cf. United States v. Huerta,* 878 F.2d 89, 91 (2d Cir. 1989) (§ 5K1.1 limits discretion of judge to impose sentence below statutory minimum on grounds of defendant's cooperation to cases in which government makes a motion for departure), *cert. denied,* —— U.S. ——, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990); *United States v. Ayarza,* 874 F.2d 647, 653 (9th Cir.1989) (§ 5K1.1 and § 3553(e) condition downward departure upon government motion), *cert. denied,* —— U.S. ——, 110 S.Ct. 847, 107 L.Ed.2d 841 (1990). We think this is so even though § 5K1.1 is labeled a Policy Statement.

Some have read § 3661 and § 3553(b) as being inconsistent. *Cf.* Glickman & Salky, *Bible for Prosecutors Becomes Key Text for Defense Lawyers,* Legal Times, Feb. 1, 1988 (noting conflict between guidelines and 18 U.S.C. § 3577 (now § 3661)); U.S. Dept. of Justice, *Prosecutors Handbook on Sentencing Guidelines and Other Provisions of the Sentencing Reform Act of 1984,* 62–64 (1987). However, it is our duty to construe the statutes in such a way as to give effect to both, if possible. *See Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1018, 104 S.Ct. 2862, 2880, 81 L.Ed.2d 815 (1984); *Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974); *Pennsylvania v. Department of Health & Human Servs.,* 723 F.2d 1114, 1119 (3d Cir.1983).

We note at the outset that, when Congress adopted the Sentencing Reform Act of 1984, it renumbered 18 U.S.C. § 3577 as § 3661 and included it within the Act. This fact certainly suggests that the sections are to operate in harmony. How can this be accomplished without doing violence to either section? While we recognize some

tension, we are satisfied that the use of information of the type encompassed in § 3661 must be subject to the limitations of § 3553(b). Any other reading of § 3661 would severely undermine the sentencing scheme envisioned by Congress in § 3553(b) and incorporated in the implementing guidelines.

Thus, we conclude that the district court was without power to depart in the absence of a government motion based on defendant's cooperation.

The judgment of sentence will be vacated and the matter remanded to the district court solely to permit the district court to consider cooperation in resentencing within the guidelines.