**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 2005**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.                                                                No. 03-3255

JOHN DOE,

Defendant-Appellant.

---

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 03-CR-10056-MLB)**

---

Cyd Gilman, Assistant Federal Public Defender for the District of Kansas, Wichita, Kansas, for Defendant-Appellant.

Brent I. Anderson, Assistant United States Attorney (Eric F. Melgren, United States Attorney, with him on the briefs), Wichita, Kansas, for Plaintiff-Appellee.

---

Before **MURPHY**, **McWILLIAMS**, and **TYMKOVICH**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

## I. INTRODUCTION[1]

After John Doe [hereinafter "Appellant"] pleaded guilty to unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), the district court sentenced him to a term of forty-eight months' imprisonment on Count 1 and a term of 188 months' imprisonment on Count 2, to be served consecutively. The 188-month sentence represented an upward departure from the applicable Sentencing Guidelines range[2] of sixty months. Appellant now appeals his sentence, contending that the district court erred in refusing to consider the assistance Appellant provided to the government when the court decided to depart upward and in calculating the degree of departure. Exercising jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we **reverse** and **remand** for resentencing.

---

[1]We hereby grant Appellant's pending and unopposed motion to conceal Appellant's identity and this opinion will therefore refer to Appellant as either "John Doe" or simply "Appellant."

[2]"[T]he term 'guideline range' includes a guideline range having the same upper and lower limits," 18 U.S.C. § 3742(i), such as the minimum mandatory sentence of sixty months for a violation of 18 U.S.C. § 924(c). U.S.S.G. § 2K2.4(b) (2004); 18 U.S.C. § 924(c)(1)(A)(i).

## II. BACKGROUND

In November 2002 Appellant was charged with a variety of offenses including felon in possession of a firearm, knowingly carrying a firearm during and in relation to a drug trafficking crime, possession of marijuana, felon in possession of ammunition, possession of both cocaine and crack cocaine, and possession of both cocaine and crack cocaine with intent to distribute. A superseding indictment was subsequently filed adding a count of possession of cocaine base with intent to distribute and a count of possession of counterfeit money. Upon motion by the government, however, the superseding indictment was dismissed without prejudice. Ultimately a two-count superseding information was filed on April 18, 2003, charging Appellant with unlawful use of a communication facility in connection with the commission of a felony under the Controlled Substances Act, in violation of 21 U.S.C. § 843(b) (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2). On April 21, 2003 Appellant pleaded guilty to both counts charged in the superseding information.

On July 16, 2003, the district court notified the parties of its intent to depart upward from the Guidelines range applicable to Count 2 from a sentence of sixty months to a sentence of between 188 and 235 months. Both parties responded by asking the court not to depart upward because of Appellant's

cooperation with the government.[3] At the sentencing hearing, defense counsel urged the court to consider Appellant's cooperation with the government, arguing that the court should not depart upward or should at least depart upward to a lesser degree based on Appellant's cooperation.

The district court ultimately departed upward to a sentence of 188 months on the firearm count to be served consecutive to the forty-eight-month sentence for Count 1, for a total sentence of 236 months. The district court concluded that pursuant to § 4A1.3 of the Guidelines, the nature of the offenses giving rise to Appellant's criminal history category of VI significantly underrepresented the seriousness of his criminal history. The court then determined that Appellant's "criminal history, high likelihood of recidivism, coupled with his increasing involvement with firearms, remove defendant from the heartland and warrant an upward departure." In arriving at the level of the upward departure, the court analogized Appellant's status to that of a career offender by reasoning that if Appellant had been convicted of any of the controlled substance counts that were dismissed pursuant to the government's motion, he would have been sentenced as

---

[3]The government represented to the district court that Appellant provided information on approximately six major drug distributors known to the local police department and to the Drug Enforcement Agency. Appellant also provided "information on numerous other individuals involved in drug dealing, unlawful weapons distribution, and counterfeiting." Of greatest significance to the government, was the information Appellant provided relating to a threat against an agent of the Bureau of Alcohol, Tobacco, and Firearms.

a career offender. The court calculated a base offense level of thirty-four based on the statutory maximum sentences on the dismissed drug counts and then decreased the offense level for acceptance of responsibility, arriving at an adjusted base offense level of thirty-one. The court determined that the appropriate Guideline range with the upward departure was 188-235 months based on Appellant's criminal history category VI status and the adjusted base offense level of thirty-one.[4]

Appellant filed a timely notice of appeal and contends that the district court erred in refusing to consider Appellant's cooperation with the government in determining his sentence.

## III. DISCUSSION

When reviewing a district court's application of the Sentencing Guidelines, we review legal questions *de novo* and we review any factual findings for clear error, "giving due deference to the district court's application of the guidelines to the facts."[5] *United States v. Tsosie*, 376 F.3d 1210, 1217-18 (10th Cir. 2004)

---

[4]Neither party challenges the methodology used by the district court to calculate the upward departure.

[5]During the pendency of this appeal the Supreme Court decided *United States v. Booker* which rendered the Sentencing Guidelines advisory only and replaced the prior standard of appellate review with review for unreasonableness. *Booker*, 125 S. Ct. 738, 764-766 (2005). Although the Guidelines are now advisory, district courts must still "consult the Guidelines and take them into account when sentencing." *Id.* at 767. Thus, appellate review continues to encompass review of the district court's interpretation and application of the

(quotation omitted). Appellant argues that because the district court did not consider Appellant's cooperation with the government: (1) the upward departure is inconsistent with the factors set forth in 18 U.S.C. § 3553(a)(2); (2) the departure is not justified by the facts of the case; and (3) the amount of the departure is unreasonable.[6] The government asserts that the district court properly considered Appellant's assistance and appropriately determined that an upward departure advances the objectives of 18 U.S.C. § 3553(a)(2).

The record shows that the district court failed to fully consider Appellant's cooperation with the government when making its sentencing decision. No mention of Appellant's assistance to the government was made in the presentence report. The district court's letter notifying the parties of its intent to depart upward includes no reference to Appellant's assistance because the district court was not aware of Appellant's cooperation with the government when it sent the letter. In response to the district court's letter, both parties brought Appellant's cooperation to the attention of the court. Defense counsel raised the issue of

Guidelines. Because we conclude that the district court erred as a matter of law under 18 U.S.C. §§ 3553(a) and 3661, we need not address any further impact of *Booker* on appellate review.

[6]In supplemental briefing ordered by this court, Appellant also asserts, that the district court's upward departure violated the Sixth Amendment as interpreted in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), because the district court made factual findings which it used to depart upward. Our disposition of Appellant's case, however, makes it unnecessary to address this issue.

Appellant's assistance at the sentencing hearing and characterized Appellant's assistance as "significant." The court interrupted counsel saying, "Not significant enough for [the government] to file a Section 5 motion." Defense counsel then argued that the district court should either not depart upward or should take into account Appellant's assistance when determining the degree of departure, particularly considering the court's concern with the likelihood of Appellant's recidivism. At the conclusion of the parties' arguments, the court stated:

> [S]ince I have the responsibility in this case to follow the guidelines and follow the applicable law, that's what should have been taken into consideration at the time the decision was made to dismiss the original indictment in this case and substitute this indictment for a lesser offense.
> If the Government is going to become involved, not just in plea negotiations, but in setting sentences, then the Government also has to start taking into consideration the factors that are set forth in 18 U.S.C. Section 3553; and when these factors are taken into consideration, there's no question that a 108 month sentence is not appropriate for this Defendant. . . .
> [Appellant] is an intelligent person; but instead of using his intelligence to lead a law abiding life, which he had the opportunity to do, it's undisputed that for years and years and years he has been in the revolving door of prison, parole, violation, parole, violation, use of drugs, burglaries, which are recognized to be crimes of violence; weapons offenses. I have a responsibility, and it's spelled out here in this statute, to not only come up with a sentence that the parties would like for me to impose; but one that reflects the seriousness of the offense, to promote respect to the law and to provide just punishment. [Appellant] doesn't respect the law. He violates the law again and again and again. To afford adequate deterrence for criminal conduct: He's been in the court system time and time again and he's not been deterred from criminal conduct.
> Protect the public from further crimes of the Defendant: Now, I know that [Appellant] sitting here today would never think of him

doing this, but I see a man who one day may end up in somebody's house in a burglary, either high on drugs or needing drugs, armed with a firearm, and someone is killed. And I'm not going to be responsible for that.

And then to provide the Defendant with needed educational, vocational, medical care or other correctional treatment: The only thing I can think of is this Defendant needs some kind of treatment to get him off of drugs. But I've about given up on that. People have to get off of drugs because they want to get off drugs, not because somebody else tells them to get off drugs.

*These are the things that the Government should have considered before it decided to dismiss that indictment, in addition to these other factors. Because if the other factors aren't sufficient to justify a Section 5K motion, then, in my judgment, they don't have much bearing on what I should be doing in terms of–they don't trump the factors set forth in the statute.* That's my point.

(emphasis added). Subsequent to its oral pronouncement of sentencing, the court

stated in its memorandum decision that:

18 U.S.C. § 3553(a) sets out the factors which must be considered in imposing a sentence. The accepted way for a prosecutor to reward a defendant's cooperation or assistance is through a section 5K1.1 motion and, in this court's opinion, that is the course which should have been followed in this case. Defendant may have helped the government but when defendant's conduct and background are considered in light of the statutory factors, it is readily apparent that the 108-month sentence engineered by government's counsel's charging decision is not, to use the statute's term, "sufficient."

These excerpts represent the extent of the district court's commentary on

Appellant's cooperation with the government. It is apparent that while the court

was aware of Appellant's assistance, it considered any assistance not presented to

the court in a § 5K1.1 motion to be of limited weight. Although the district

court's reference in its memorandum decision to Appellant having "helped" the

government could be read to demonstrate adequate consideration of Appellant's assistance, the complete lack of any discussion regarding Appellant's assistance and its affect, if any, on the statutory factors of § 3553(a)(1), negates this view. The correctness of the district court's conclusion that a defendant's cooperation is of limited significance unless presented to the court in a § 5K1.1 motion is a legal question we review *de novo*. *Tsosie*, 376 F.3d at 1217.

In *United States v. Bruno*, the Third Circuit was faced with a situation in which the district court "concluded that it lacked power to consider defendant's cooperation" outside the framework of a § 5K1.1 motion. 897 F.2d 691, 694 (3d Cir. 1990). In *Bruno* the defendant pleaded guilty and the government declined to file a motion under § 5K1.1 of the Sentencing Guidelines. *Id.* at 692-93. The government did, however, bring the defendant's cooperation with the government to the attention of the sentencing court. *Id.* The district court, although it sentenced defendant within the applicable Guideline range, refused to consider defendant's cooperation with the government in the absence of a § 5K1.1 motion. *Id.* at 694. The Third Circuit concluded that the broad language of 18 U.S.C. § 3661 "embraces cooperation by a defendant" and "the district court [is] required to consider defendant's cooperation when sentencing within the guideline range, though it retain[s] discretion as to whether to give effect to that cooperation." *Id.* at 693.

Section 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. No other statutory or Guidelines provision limits the consideration that should be accorded a defendant's assistance to the government.[7] *See, e.g.*, *United States v. Lara-Velasquez*, 919 F.2d 946, 955 (5th Cir. 1990) ("In essence, the Sentencing Guidelines authorize district courts to examine every *permissible* factor–both enhancing and mitigating–that might affect a particular term of punishment. The sentencing judge has an obligation to consider all the relevant factors in a case and to impose a sentence outside the guidelines in an appropriate case." (quotation omitted)); *United States v. Ocasio*, 914 F.2d 330, 337-38 (1st Cir. 1990) (noting that while "cooperation does not require a downward departure it should have been considered in fixing the degree of an upward departure" (citation omitted)); *United States v. Newsome*, 894 F.2d 852, 857 (6th Cir. 1990)

---

[7]The Third Circuit also concluded that the district court lacks the power to depart below the applicable Guidelines range based on a defendant's substantial assistance in the absence of a motion to depart. *United States v. Bruno*, 897 F.2d 691, 695-96 (3d Cir. 1990). This is also the rule in our Circuit. *United States v. Duncan*, 242 F.3d 940, 944 (10th Cir. 2001). We do not address the continued vitality of this rule in the aftermath of *United States v. Booker* because Appellant does not argue that the district court should have departed downward. Indeed, Appellant cannot make this argument because under his plea agreement Appellant was not permitted to request a downward departure.

(concluding in light of 18 U.S.C. § 3661 "that the extent of the defendant's post-arrest cooperation is part of the totality of the circumstances that the district court may consider in determining the sentence"); *United States v. Huerta*, 878 F.2d 89, 93 (2d Cir. 1989) (noting that procedures for seeking downward departures do "not foreclose a sentencing court from considering a defendant's cooperation as a mitigating factor in deciding what sentence within the applicable range designated by the Guidelines is appropriate, whether or not the government agrees). Section 3553(a)(1) contains broad language instructing the court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," language that encompasses assistance provided by a defendant. *Id.* § 3553(a)(1). A defendant's assistance to the government is also relevant to the factors delineated in § 3553(a)(2), particularly the need for the sentence to promote respect for the law and to provide just punishment, to afford adequate deterrence, and to protect the public. *Id.* § 3553(a)(2)(A)-(C).

The government's decision not to file a § 5K1.1 motion does not prevent the district court from fully considering a defendant's assistance to the government in deciding whether to depart upward or in calculating the appropriate degree of departure. This is particularly true in a case such as this where the government did not file a § 5K1.1 motion because it structured the plea

agreement to account for Appellant's assistance.[8]  A § 5K1.1 motion represents

the government's endorsement of a *downward* departure from the applicable

Guideline range.  It "does not speak to the factors the court may consider when

sentencing within the guidelines."  *Bruno*, 897 F.2d at 694.  Although the

Guidelines discuss assistance to the government only in relation to a § 5K1.1

motion, the commentary to § 5K1.1 of the Guidelines indicates the importance of

such assistance.  *See, e.g.*, U.S.S.G. § 5K1.1., cmt. n.3 (2004) (directing the

district court to give "substantial weight . . . to the government's evaluation of the

extent of the defendant's assistance"); *id.* § 5K1.1, cmt. background (2004) ("A

defendant's assistance to authorities in the investigation of criminal activities has

been recognized in practice and by statute as a mitigating sentencing factor.").

These statements, in conjunction with the broad language of the statutory factors

a district court should consider in arriving at an appropriate sentence, further

support the view that a defendant's assistance should be fully considered by a

district court at sentencing even if that assistance is not presented to the court in

the form of a § 5K1.1 motion.

---

[8]In its letter to the district court asking the court not to upwardly depart, the government explained that it "offered a plea to the two counts charged in the information, in return for the valuable assistance given" by Appellant.  The record indicates, and both parties acknowledged at oral argument, that instead of charging Appellant under the original indictment and later seeking a downward departure under § 5K1.1, the government offered Appellant a plea to fewer charges and chose not to seek an upward or downward departure.

The district court erred as a matter of law when it refused to fully consider Appellant's cooperation in deciding to depart upward and in setting the degree of departure because Appellant's assistance was not presented in a § 5K1.1 motion. Because this error necessitates a remand to the district court for resentencing, 18 U.S.C. § 3742(f)(1), we need not consider the other issues raised by Appellant on appeal.[9]

## IV. CONCLUSION

For the foregoing reasons, we **REMAND** this matter to the district court with instructions to **VACATE** Appellant's sentence and resentence him in accordance with this opinion.

---

[9]On remand the district court must consider Appellant's assistance in determining the proper sentence. The court is not, however, required to credit Appellant for his assistance to the government. *See Booker*, 125 S. Ct. at 767 ("The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing.").