BRISCOE, J.,
concurring.
I agree with the majority that we must affirm the judgment of the district court. I write separately, however, because I disagree with the majority’s analysis of Mr. Yazzie’s claim that the district court violated his Sixth Amendment rights by enhancing his sentence pursuant to U.S.S.G. § 2A3.1(b)(3)(A) on the basis of judicially-found facts. In my view, the record in this case establishes that the district court applied the § 2A3.1(b)(3)(A) enhancement not on the basis of its own factual findings, but rather on the basis of Mr. Yazzie’s admission of certain key facts. As a result, the enhancement was not imposed in violation of Mr. Yazzie’s Sixth Amendment rights.
Section 2A3.1(b)(3) of the Sentencing Guidelines mandates a two-level enhancement for a crime involving criminal sexual abuse “[i]f the victim was ... in the custody, care, or supervisory control of the defendant....” Application Note 2 of the Commentary to § 2A3.1 outlines the broad scope of this enhancement:'
Subsection (b)(8), as it pertains to a victim in the custody, care, or supervisory control of the defendant, is intended to have broad application and is to be applied whenever the victim is entrusted to the defendant, whether temporarily or permanently. For example, teachers, day care providers, baby-sitters, or other temporary caretakers are among those who would be subject to this enhancement. In determining whether to apply this enhancement, the court should look to the actual relationship that existéd between the defendant and the victim and not simply to the legal status of the defendant-victim relationship.
See U.S.S.G. § 2A3.1, comment., App. Note 2.
In applying § 2A3.1(b)(3)(A), the district court must engage in a two-step process. First, the district court must assess the nature of the relationship between the victim and the defendant. In doing so, the district court can rely on (a) facts admitted by the defendant, (b) its own factual findings, or (c) a combination of the two.’ In other words, this first step may or may not *1148 involve judicial fact-finding on the part of the district court. Second, the district court must then determine whether the underlying facts regarding the relationship between the defendant and the victim are such that they satisfy the broad definition of “custody, care, or supervisory control” outlined in § 2A3.1 (b)(3) (A).[1]
In turn, the scope of our appellate review hinges on which part of the district court’s application of § 2A3.1(b)(3)(A) is at issue. Obviously, any factual findings made by a district court regarding the nature of the relationship between the victim and the defendant would be reviewed by this court for clear error. See United States v. Doe, 398 F.3d 1254, 1257 (10th Cir.2005) (“When reviewing a district court’s application of the Sentencing Guidelines, ... we review any factual findings for clear error”). However, whether the underlying facts fall within the scope of § 2A3.1(b)(3)(A) is a mixed question of law and fact that primarily involves “the consideration of legal principles,” i.e., the meaning of “custody, care, or supervisory control” as utilized in § 2A3.1(b)(3)(A). United States v. Hardridge, 379 F.3d 1188, 1192 (10th Cir.2004). Moreover, the determination of whether a given set of facts establishes that a victim was in the “custody, care, or supervisory control” of a defendant for purposes of § 2A3.1(b)(3)(A) is one that can be made just as easily by this court as by a district court, and one in which an appellate determination will assist in clarifying the law. See Salve Regina College v. Russell, 499 U.S. 225, 233, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). Thus, we apply a de novo standard of review to that determination. See Hardridge, 379 F.3d at 1192.
Although these principles do not come directly into play (since Mr. Yazzie has not, aside from his Booker arguments, challenged the § 2A3.1(b)(3)(A) enhancement on appeal), they are nevertheless useful in demonstrating why there was no Sixth Amendment violation in this case.. A review of the record in this case indicates that Yazzie testified under oath during the December 3, 2003 sentencing hearing and, under cross-examination by the prosecution, admitted that (a) he had lived with the victim and her mother since the victim was approximately four years old, (b) the victim called him her stepfather, and (c) he had disciplinary authority over the victim. ROA, Vol. 5, at 26-27. It does not appear that the district court made any additional factual findings regarding the relationship between Yazzie and the victim. Instead, the district court utilized only those facts admitted by Yazzie in determining (correctly in my view) that the relationship between Yazzie and the victim fell within the scope of § 2A3.1(b)(3)(A). Thus, because the § 2133.1(a)(3) enhancement was not based upon any judicial fact-findings, there was simply no Sixth Amendment violation, i.e., no constitutional Booker error.[2] See United States v. Booker, — *1149 U.S. -, 125 S.Ct. 738, 160 L.Ed.2d 621, (2005) (noting that a defendant’s Sixth Amendment right to have a jury find any fact essential to his punishment “is implicated whenever a judge seeks to impose a sentence that is not solely based on facts reflected in the jury verdict or admitted by the defendant.”) (internal quotations omitted).
The only remaining argument is Mr. Yazzie’s assertion that the district court committed non-constitutional Booker error by applying the Sentencing Guidelines in a mandatory fashion, a claim that clearly was not encompassed within any of the objections that he asserted to his sentence below. In light of this court’s recent decision in United States v. Gonzalez-Huerta, 403 F.3d 727 (10th Cir.2005), I agree with the majority that there is no basis for granting relief on this issue under the plain error framework.
LUCERO, Circuit Judge,
concurring.
I concur in the judgment. For the reasons stated in my dissent in United States v. Gonzalez-Huerta, 403 F.3d 727, 761 (10th Cir.2005) (en banc) (Lucero, J., dissenting), I disagree with the majority’s analysis on the third and fourth prongs of the Olano plain-error test. Ordinarily, plainly erroneous sentences should be remanded to the district court for the limited purpose of determining whether the defendant was prejudiced. However, some cases are so clear that the defendant was not prejudiced by the district court’s sentence that they bypass any necessity of remanding to the district court. Because the district court in this case denied a motion for downward departure, rejected mitigating evidence relevant to the § 3553(a) factors, expressed its view that the crime committed was quite serious, and because Yazzie does not present an argument on appeal that he would have made to influence the district court’s discretion, I would conclude that the record is clear in this case that Yazzie was not prejudiced. Further demonstrating that he was not prejudiced, as Judge Briscoe notes in concurrence, Yazzie made' statements that could be construed as admissions to the facts supporting the challenged enhancement. For these reasons I concur in the judgment.

. For example, if a defendant convicted of criminal sexual abuse were to admit that he was a teacher and the victim was his student, a district court would be required to determine, given the language of Application Note 2, that the victim was in the “custody, care, or supervisory control" of the defendant for purposes of§ 2A3.1(b)(3).

.- ■ By erroneously concluding that the district court engaged in judicial fact-finding, the majority in turn forces resolution of the difficult question of whether a constitutional Booker error occurs when a district court, applying the Guidelines in a mandatory fashion, increases a defendant’s sentencing range on the basis of judicially-found facts. Although the majority’s citation to United States v. Payton, 405 F.3d 1168 (10th Cir.2005), implies that this question has already been decided, that is simply not the case. In Payton, this court held only that non-constitutional Booker error does not occur when a district court imposes *1149 on a defendant the statutory minimum sentence applicable to her offense.