**F I L E D**

**UNITED STATES COURT OF APPEALS**

**September 11, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

VINCENT BERRY,

Defendant-Appellant.

No. 06-6018

(W.D. Oklahoma)

(D.C. No. CR-95-99-003-L)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(A)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Vincent Berry, a federal prisoner proceeding pro se, appeals the district court's denial of his Motion for Reduction of Sentence, pursuant to 18 U.S.C. § 3582(c)(2), which permits the district court to modify a term of imprisonment if a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." Mr. Berry also seeks to proceed in forma pauperis. Mr. Berry argues that the district court failed to modify his sentence by (1) re-grouping his robbery convictions and then (2) removing a weapons enhancement that was applied to one of the convictions, pursuant to a change in the Sentencing Guidelines that occurred after he had been sentenced. Because we hold that the subsequent amendments to the Sentencing Guidelines would have had no effect on Mr. Berry's sentence, had they been in place when he was originally sentenced, we affirm the district court.

## I. BACKGROUND

In 1995, a jury convicted Mr. Berry of five crimes related to two robberies and one attempted robbery of federally insured banks: Count one, conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; Counts two and three, robbery of two different federally insured banks, in violation of 18 U.S.C. §§ 2, 2113(a) & (d); Count four, attempted robbery of a federally insured bank, also in violation of 18 U.S.C. § 2113(a); and Count seven, possession of a firearm during a crime of violence (the attempted bank robbery from Count four), in violation of 18 U.S.C. § 924(c)(1).

The district court sentenced Mr. Berry to a total of 192 months' imprisonment: 60 months on Count one, and 132 months on Counts two through four, to run concurrently, and 60 months on Count seven, to run consecutively to

2

the other sentences. We affirmed his conviction in 1997. *United States v. Green*, 115 F.3d 1479 (10th Cir. 1997).

In October 2005, Mr. Berry filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) based on an amendment to the Sentencing Guidelines that had been made retroactive. The district court denied the Motion for Reduction of Sentence, holding that application of the retroactive amendment would "not require a modification of defendant's sentence." Rec. vol. III, doc. 223, at 4-5 (Dist. Ct. Order, dated Dec. 15, 2005). On appeal, Mr. Berry challenges the district court's denial of his motion, and maintains that his sentence does not comport with the retroactive amendment.

## II. DISCUSSION

We review a district court's interpretation of the Sentencing Guidelines de novo. *United States v. Torres-Aquino*, 334 F.3d 939, 940 (10th Cir. 2003); *see also United States v. Woe*, 398 F.3d 1245, 1257 (10th Cir. 2005). Because Mr. Berry is proceeding *pro se*, we construe his filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Effective November 1, 2000, the United States Sentencing Commission enacted Amendment 599, U.S.S.G. App. C, Amend. 599 (2000) (amending U.S.S.G. § 2K2.4), which was given retroactive effect under U.S.S.G. § 1B1.10(c). U.S.S.G. § 2K2.4, before amendment, instructed that when a defendant is convicted under 18 U.S.C. § 924(c), as Mr. Berry was in Count

3

seven, "the term of imprisonment is that required by statute." Amendment 599 clarified that if a sentence for violating 18 U.S.C. § 924(c) "is imposed in conjunction with a sentence for an underlying offense," then the "specific offense characteristic for possession, brandishing, use, or discharge" of the firearm charged in 924(c) should not be calculated into the sentence for the underlying offense. U.S.S.G. App. C, vol. II, Amend. 599 (2000). The purpose of Amendment 599 was to avoid "the duplicative punishment" that results when sentences are increased under both the statutes and the guidelines for substantially the same harm. *Id.*

Mr. Berry contends that his sentence should be recalculated pursuant to Amendment 599 because the district court imposed a 60-month sentence for violating 18 U.S.C. § 924(c) by using or carrying a weapon during a crime of violence, and also imposed a weapons enhancement for the offense underlying the 924(c) conviction, thereby resulting in a duplicative sentence. He argues that the district court improperly grouped Counts two through four (the robbery convictions) together for sentencing purposes. Because of this improper grouping, it is impossible to determine whether the weapons enhancement he received corresponded to the crime of violence that underlies the 924(c) conviction (Count four), or some other conviction (Counts two or three).

The government responds that the sentence imposed for the offense underlying the 18 U.S.C. § 924(c) charge (attempted robbery, charged in Count

4

four) was not increased by the application of a weapons enhancement, and therefore Amendment 599 has no impact on Mr. Berry's sentence. It explains that Mr. Berry is simply mistaken about the grouping of Counts two through four, contending that the PSR shows none of the counts was grouped. *See* U.S.S.G. § 3D1.2(d) (1994) (specifically prohibiting the grouping of robbery offenses).

We have independently reviewed the PSR and agree with the government and the district court that retroactive application of Amendment 599 would not have altered Mr. Berry's sentence. First, the PSR shows that the district court properly grouped Counts two through four for sentencing purposes. *See* Supp. Rec. vol. I, at 6-7 (Pre-Sentence Report, dated Jan. 12, 1996); Sentencing Tr., at 18, dated Jan. 23, 1995. It followed U.S.S.G. § 3D1.2(d)(1994) and grouped each robbery count separately. Additionally, we note that Mr. Berry's counsel made no objections to the PSR's method of calculating the sentences for Counts two through four at sentencing. Sentencing Tr. at 18.

We also agree with the government that Amendment 599 has no impact on Mr. Berry's sentence because the district court did not apply a weapons enhancement on the group of convictions which contained Count four, the offense underlying the 924(c) conviction. The PSR indicates that the district court did impose a six-level upward adjustment on the offense level for the groups containing Counts two and three, but because those Counts were not the offenses underlying the 924(c) conviction, application of Amendment 599 would not have

5

affected the enhancement.  *See* U.S.S.G. § 2K2.4, n.2 (2001) (explaining that "if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction").

### III.  CONCLUSION

We AFFIRM the district court's denial of Mr. Berry's Motion for Reduction of Sentence, pursuant to 18 U.S.C. § 3582(c)(2).  We grant Mr. Berry's motion to proceed *in forma pauperis* in this appeal.

Entered for the Court

Robert H. Henry
Circuit Judge