**UNITED STATES of America,**
**Appellee,**

v.

**William VARGAS, Defendant–**
**Appellant.**

**No. 05–4627–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 7, 2006.

James A. Cohen (Michael W. Martin, on the brief), Lincoln Square Legal Services, Inc., New York, NY, for Appellant.

William C. Komaroff, Assistant United States Attorney (Kevin R. Puvalowski, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney, Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. JOHN M. WALKER, JR., and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant William Vargas was convicted, as a result of a guilty plea, of conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846. On August 5, 2005, Vargas was sentenced to a mandatory minimum term of 120 months' incarceration to be followed by five years' supervised release. *See* 21 U.S.C. § 841(b)(1)(A). Vargas appeals only his sentence, arguing that imposition of the statutory mandatory minimum (1) violated the constitutional doctrine of separation of powers by vesting excessive sentencing power in the Executive Branch of government, and (2) deprived him of an individualized sentencing hearing in violation of the Due Process Clause, U.S. Const. amend. V. The district judge rejected Vargas's arguments, concluding that they presented "questions of policy and not of constitutional law." Sentencing Tr. 3–4. Because the district court's ruling presents issues of law, we review it *de novo, see United States v. Selioutsky*, 409 F.3d 114, 119 (2d Cir.2005), and reach the same conclusion. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. *Separation of Powers Challenge*

■ Vargas's separation of powers argument is foreclosed by our decision in *United States v. Huerta*, 878 F.2d 89 (2d Cir.1989). *Huerta*, like Vargas, was unsuccessful in persuading the prosecution to move for a sentence below the mandatory minimum pursuant to 18 U.S.C. § 3553(e). *See also* U.S.S.G. § 5K1.1. He argued

"that sentencing is a judicial prerogative and necessarily includes the power to consider all relevant factors." *United States v. Huerta,* 878 F.2d at 91. Thus, he claimed that "a scheme which delegates to the prosecutorial arm of the Executive Branch the authority to control when a judge may consider cooperation with the government as a mitigating factor [warranting exception from a mandatory minimum] interferes with or usurps a constitutionally assigned judicial function." *Id.* We rejected this separation of powers challenge:

> Sentencing is not inherently or exclusively a judicial function, and "the sentencing function long has been a peculiarly shared responsibility among the Branches of government and has never been thought of as the exclusive constitutional province of any one Branch." [*Mistretta v. United States,* 488 U.S. 361, 390, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989)]. In *Mistretta,* the Supreme Court reaffirmed that "the scope of judicial discretion with respect to a sentence is subject to congressional control." 488 U.S. at 364, 109 S.Ct. 647. In fact, as appellant concedes, Congress can constitutionally eliminate all discretion in sentencing judges by establishing mandatory sentences, and thus has the power to preclude sentencing judges from giving any consideration to a defendant's cooperation.

*Id.* at 93 (internal citations and quotation marks omitted).

Vargas argues that *Huerta* does not control his appeal because *Huerta* rejected only a separation of powers challenge to what Vargas conceives of as the usurpation of due judicial discretion. The distinction between usurpation of such discretion and the accretion of power in one branch, which Vargas now complains of, is one without a difference. Vargas also argues

that the *Huerta* court could not foresee how "the growth in *de facto* sentencing power in the hands of prosecutors in the seventeen following years," Appellant's Reply Br. at 3, would violate "the separation of powers doctrine," Appellant's Br. at 6. Vargas references what he describes as a "critical mass" of criticism regarding the appropriateness of mandatory-minimum laws and the inordinate discretion that such laws grant to federal prosecutors. *Id.* at 10–12. While such experience and commentary may provide support for a policy challenge to mandatory minimums, it does not support Vargas's constitutional argument. To the extent the decision to charge crimes carrying mandatory minimum sentences allows the Executive Branch to exercise some control over a defendant's sentence, that control continues to derive from legislative decisions that are well within Congress's authority to make. *See Mistretta v. United States,* 488 U.S. at 364, 109 S.Ct. 647. Accordingly, this panel has no reason to revisit *Huerta's* holding that imposition of a mandatory minimum sentence does not violate separation of powers. *See United States v. Kane,* 452 F.3d 140, 144 (2d Cir.2006) (stating general rule that "[o]ne panel of this Court cannot overrule a prior decision of another panel unless there has been an intervening Supreme Court decision that casts doubt on our controlling precedent" (internal quotation marks omitted)).

■ Similarly unpersuasive is Vargas's argument for reconsideration of *Huerta* in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Vargas contends that *Booker* "foreshadowed" a finding that mandatory minimums are unconstitutional "by emphasizing the importance of judicial discretion, the Judiciary's ability to consider all relevant factors in order to impose a sentence, and the dangers of expanded Executive power."

Appellant's Br. at 7. We are not persuaded. *Booker* reiterated a defendant's Sixth Amendment right to have critical facts increasing a defendant's sentence decided by a jury. It did not foreshadow the end of, or otherwise cast doubt on the constitutionality of, mandatory minimum sentences. *See United States v. Barrero,* 425 F.3d 154, 158 (2d Cir.2005) (upholding post-*Booker* challenge to mandatory minimum sentence). Moreover, to the extent Vargas claims that *Booker* "creat[ed] incentives for the Legislative and Executive Branches to rely increasingly on mandatory minimum penalties as a way to prevent courts from exercising their discretion in sentencing matters," Appellant's Br. at 5, such a concern is appropriately presented to Congress rather than to federal courts.

### 2. *Due Process Challenge*

■ Vargas's due process challenge similarly fails. Like Vargas, the defendant in *United States v. Huerta* raised a due process challenge to mandatory minimums, arguing that "[s]ection 3553(e) violates due process by allowing prosecutors unlimited and unreviewable discretion in deciding whether to make substantial assistance motions and by curtailing a judge's ability to consider evidence of cooperation." 878 F.2d at 93. *Huerta* rejected this argument, along with the separation of powers challenge, because it "rest[ed] on the faulty premise that judicial sentencing discretion cannot be validly circumscribed." *Id.* at 94. "[T]here is no right to individualized sentencing, and Congress may constitutionally prescribe mandatory sentences or otherwise constrain the exercise of judicial discretion so long as such constraints have a rational basis." *Id.* (internal citations omitted). Vargas has not presented any facts or arguments that would permit this panel to reconsider this holding.

Because we reject Vargas's sentencing challenge as without merit, the district court's August 5, 2005 judgment of conviction is hereby AFFIRMED.