**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES of AMERICA,

      Plaintiff-Appellee,

v.

JEFFERY M. ZARING,

      Defendant-Appellant.

No. 05-4126
(D.C. No. 1:04-CR-009-TC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ, EBEL,** and **TYMKOVICH**, Circuit Judges.

---

      Jeffery Zaring pleaded guilty to possession with intent to distribute

methamphetamine. In this direct appeal, Mr. Zaring has filed a *pro se* notice of

appeal, and his attorney has filed an <u>Anders</u> brief and a motion to withdraw as

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

counsel.  See Anders v. California, 386 U.S. 738 (1967). Mr. Zaring has not filed a *pro se* brief in response to his counsel's Anders brief.  We agree with counsel that there are no meritorious issues to be raised on appeal, grant counsel's motion to withdraw, and dismiss this appeal.

## I. BACKGROUND

On December 8, 2003, police officers discovered methamphetamine in a vehicle the officers stopped after observing it leave Ms. Corwin's residence.  The occupants of the vehicle told the officers that they had gotten the methamphetamine from Mr. Zaring at Ms. Corwin's residence.  Police procured a search warrant for the home of Ms. Corwin.  In executing the warrant, officers discovered a plastic bag of a crystal type substance in a hide-away container under Mr. Zaring's care and a large amount of money on him.  Mr. Zaring admitted sharing drugs with his friends.  The officers then arrested Mr. Zaring and Ms. Corwin.

Pursuant to a plea agreement, Mr. Zaring pleaded guilty to possession with intent to distribute methamphetamine, a crime under 21 U.S.C. § 841(a)(1) & (b)(1)(A).  The drug quantities to which Mr. Zaring stipulated placed his base offense level at 32, pursuant to § 2D1.1 of the United States Sentencing Guideline.  As part of the plea agreement, the Government agreed to recommend a three level reduction for acceptance of responsibility, placing Mr. Zaring's total

offense level at 29. With a criminal history category of IV, Mr. Zaring's guideline range was 121 to 151 months' imprisonment. The district court sentenced Mr. Zaring to 121 months' imprisonment.

Mr. Zaring sought to appeal, but his attorney filed an Anders brief and moved to withdraw as counsel, stating that his client's grounds for appeal—that the district court failed to downward depart and that he received ineffective trial counsel assistance— were clearly without merit. Mr. Zaring has not filed a *pro se* brief.

## II. DISCUSSION

Where an attorney files an Anders brief, the court "proceeds, after full examination of all proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned." Anders, 386 U.S. at 744. We therefore examine Mr. Zaring's two grounds of appeal raised in his *pro se* notice of appeal: 1) the district court failed to depart downward from the sentencing guideline; and 2) his trial counsel provided ineffective assistance.[1]

---

[1] Counsel suggests in the Anders brief that Mr. Zaring waived his right to appeal. In his Statement in Advance of Change of Plea to Guilty, Mr. Zaring acknowledged that "there is no appellate review of any lawful sentence imposed under a plea of guilty" and that he "may appeal the sentence imposed upon [him] in this case only if the sentence is imposed in violation of law or, in light of factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable." Additionally,

(continued...)

- 3 -

**A. Failure to Depart Downward**

Mr. Zaring contends that he should have received a downward departure for substantially assisting the government. We agree that this ground for appeal is meritless. We therefore dismiss it with prejudice.

The Government did not file a U.S.S.G. § 5K1.1 motion for downward departure in this case.[2] However, "[a] defendant's assistance to the government is also relevant to the factors delineated in § 3553(a)(2), particularly the need for the sentence to promote respect for the law and to provide just punishment, to afford adequate deterrence, and to protect the public." United States v. Doe, 398 F.3d 1254, 1260 (10th Cir. 2005). Furthermore, "[t]he sentencing judge has an

---

[1](...continued)
Mr. Zaring acknowledged that he was:

> knowingly, voluntarily and expressly waiv[ing] [his] right to appeal any sentence imposed upon [him], and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, except [he] [did] not waive [his] right to appeal (1) a sentence above the maximum penalty provided in the statue of conviction.

We need not decide whether Mr. Zaring has waived his right to appeal in this case because the Government has not sought, by any means, to enforce the plea agreement. In any event, we ultimately conclude that his appeal warrants dismissal.

[2] Section 5K1.1 provides that:
Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

obligation to consider *all the relevant factors* in a case and to impose a sentence outside the guidelines in an appropriate case" whether or not the Government files a § 5K1.1 motion. Id. (quotation omitted) (emphasis added). In other words, "a defendant's assistance should be fully considered by a district court at sentencing even if that assistance is not presented to the court in the form of a § 5K1.1 motion." Id. at 1261.

The sentencing transcript in this case indicates that the district court considered Mr. Zaring's assistance to the government. Specifically, the district court heard from the Government, Mr. Zaring's counsel, and Mr. Zaring regarding Mr. Zaring's assistance. The district court ultimately concluded that Mr. Zaring "was not cooperative."

We do not have jurisdiction to review a district court's discretionary decision to refuse to downward depart on the ground that a defendant's circumstances do not warrant the departure. United States v. Hamilton, 413 F.3d 1138, 1146 (10th Cir. 2005) (quotations omitted). "[A]ppellate jurisdiction exists only in the very rare circumstance that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant." Id. (quotations omitted). This was obviously not the situation in this case.

Having concluded that we lack jurisdiction to entertain Mr. Zaring's arguments, we dismiss this ground for appeal with prejudice.[3]

## B.     Ineffective Assistance of Counsel

In this direct criminal appeal, Mr. Zaring also alleges that his counsel was ineffective for failing to object to elements in the presentence report which would have affected his sentence. We conclude that this ground is meritless on direct appeal, and therefore dismiss it without prejudice to Mr. Zaring's rights to reassert it at a proper collateral proceeding.

Ineffective assistance of counsel claims should ordinarily be brought in collateral proceedings, not on direct appeal. United States v. Brooks, 438 F.3d 1231, 1242 (10th Cir. 2006). In fact, "[i]neffective assistance claims brought on direct appeal are presumptively dismissible." Id. (quotations omitted). In rare cases, we will permit ineffective assistance of counsel claims to be raised on direct appeal when the record needs no further development. Id. However, "even if the record appears sufficient, 'the claim should still be presented first to the

_____

[3] Although counsel, in its Anders brief, framed this first issue on appeal as challenging only the district court's denial to depart downward, we also interpret Mr. Zaring's *pro se* notice of appeal as arguing that the Government breached the plea agreement by failing to file a § 5K1.1 motion for downward departure. Nevertheless, we find this additional argument to be without merit because the Government merely agreed "to consider filing a U.S.S.G. § 5K1.1 motion for downward departure at the time of sentencing, if it deem[ed] appropriate." We therefore conclude that the Government made no agreement requiring it to file a § 5K1.1 motion in this case.

district court in collateral proceedings (which can be instituted without delay) so the reviewing court can have the benefit of the district court's views." Id. (quoting United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995)).

In this case, Mr. Zaring's arguments regarding ineffective assistance have never been raised before the district court and thus the district court has not had an opportunity to evaluate trial counsel's performance. Additionally, we do not believe that there is a sufficiently developed factual record to enable us to decide Mr. Zaring's ineffective assistance claim in the first instance. We therefore dismiss this claim without prejudice.

## III. CONCLUSION

For the foregoing reasons, we find that Mr. Zaring's appeal is wholly without merit; DISMISS WITH PREJUDICE his failure to downward depart claim; and DISMISS WITHOUT PREJUDICE his ineffective trial counsel claim. We GRANT counsel's motion to withdraw. Additionally, we GRANT Mr. Zaring *in forma pauperis* status on this appeal based on the district court's initial finding of eligibility under the appropriate standards.

ENTERED FOR THE COURT

David M. Ebel

Circuit Judge