**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

NANCY LEIKER,

      Defendant-Appellant.

No. 05-8019
(District of Wyoming)
(D.C. No. 02-CR-125-08-D)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Nancy Leiker was charged in a one-count indictment with conspiracy to distribute, and possess with intent to distribute, methamphetamine,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). A jury convicted Leiker and she was sentenced to 240 months' imprisonment to be followed by five years' supervised release. Leiker filed a timely notice of appeal and her counsel filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons set forth below, we conclude the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant counsel's motion to withdraw and dismiss this appeal.

In the course of investigating a drug-distribution ring involving Amador Moreno and Pedro Moreno, law enforcement agents discovered Leiker's cell phone number in Pedro Moreno's wallet and the phone number of Leiker's mother in Amador Moreno's wallet. Leiker was arrested and charged with conspiracy to distribute, and possess with intent to distribute, methamphetamine. At trial, three witnesses testified they had purchased methamphetamine from Leiker. Teresa Aguinaga, Leiker's co-conspirator and Amador Moreno's girlfriend, testified she had received packages from Leiker containing large amounts of cash. One package contained $10,000 and a note from Leiker indicating she owed Amador Moreno an additional $16,000. Aguinaga further testified that Lieker stated she sent more than $300,000 to Amador Moreno. Leiker also told Aguinaga she and Amador Moreno could have made a lot of money if they had continued working together because she had contacts in Gillette, Wyoming.

A jury found Leiker guilty of the charge and also found the conspiracy involved more than 500 grams of a mixture containing methamphetamine. After Leiker's conviction, the United States Probation Office prepared a presentence report ("PSR") which calculated Leiker's criminal history as Category I and her total offense level as forty. Leiker objected, challenging an obstruction-of-justice enhancement and the PSR's conclusion that the conspiracy involved the distribution of fifteen kilograms or more of methamphetamine. Leiker argued the district court could not enhance her guidelines sentencing range on the basis of drug quantities greater than the 500 grams found by the jury.

At sentencing, the district court sustained Leiker's objection to the obstruction-of-justice enhancement but permitted the government to present evidence with respect to drug quantities and found, by a preponderance of the evidence, that Leiker's relevant conduct involved drug quantities in excess of fifteen kilograms of methamphetamine. Accordingly, the district court found Leiker's total offense level to be thirty-eight, resulting in a guidelines sentencing range of 235 to 293 months. The court sentenced Leiker to 240 months' incarceration and five years' supervised release. Leiker then filed this timely appeal.

Leiker's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising this court that Leiker's appeal is wholly frivolous. Accordingly, counsel has also filed a motion to withdraw. Under *Anders*, counsel

may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). "[C]ounsel must submit a brief to the [defendant] and the appellate court indicating any potential appealable issues." *Id*. The defendant may then submit additional arguments to the court. *Id*. "The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal." *Id*. (citation omitted). Leiker's counsel filed his *Anders* brief on November 18, 2005. Leiker was given notice of the *Anders* brief and filed additional arguments on January 9, 2006.

In his *Anders* brief, Leiker's counsel states that although Leiker has requested an appeal based on her belief the district court erred when it calculated her offense level, he has reviewed the record and the applicable case law and can find no support for Leiker's position. In the brief Leiker filed with this court, she argues her Sixth Amendment rights were violated because the district court imposed a sentence based on facts found by the court. *See United States v. Booker*, 543 U.S. 220, 243-44 (2005). Leiker's argument fails, however, because the district court did not apply the Guidelines in a mandatory fashion. A district court commits constitutional *Booker* error only when it *mandatorily* increases a sentence on the basis of judge-found facts, other than the fact of a prior

conviction. *United States v. Gonzales-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005) (en banc). The record clearly reveals the district court did not apply the Sentencing Guidelines in a mandatory fashion. At Leiker's sentencing hearing, the district court stated,

> The guidelines have not been eviscerated by *Booker* and *Fanfan*, but it's one of the factors that the Court has to consider, and it's an essential factor in my view. It can be said, I think further, that the guidelines will likely be seen in most respects as presumptively reasonable, but that does not preclude a judge from exercising judgment.
>
> . . . .
>
> This Court will look upon the guidelines, therefore, as a necessary step in the sentencing process; that I must refer to these guidelines and to give them their due weight; but the Court will sentence according to statute and consider all the factors under 18 United States Code 3553(a).

Immediately before it pronounced Leiker's sentence, the court further stated that it had considered "all the provisions of 18 United States Code 3553(a) and the need for this Court to impose a sentence which reflects the seriousness of the offense, which promotes respect for the law and provides just punishment for your offense, which provides some degree of deterrence and hopefully will deter others from following your path, to protect the public from further crimes by you."

*Booker* directs a sentencing court to consider, *inter alia*, the factors set out in 18 U.S.C. § 3553(a) when determining a sentence. 543 U.S. at 245-46; *see*

*also United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 (10th Cir. 2005) ("[W]e do not demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." (quotations omitted)). Our review of the district court's statements and the entire transcript of the sentencing proceeding convinces us the court was well aware that *Booker* prohibits the mandatory application of the Sentencing Guidelines.

Leiker's appellate argument could also be construed as an assertion the district court miscalculated the applicable guidelines range. *See United States v. Doe*, 398 F.3d 1254, 1257 n.5 (10th Cir. 2005) ("Although the Guidelines are now advisory . . . . appellate review continues to encompass review of the district court's interpretation and application of the Guidelines." (citation omitted)). That argument, however, also fails. The PSR recommended an offense level of thirty-eight, based on the conclusion Leiker's conduct involved the distribution of more than fifteen kilograms of methamphetamine. We have already concluded the district court did not violate Leiker's Sixth Amendment rights by making factual findings to enhance her sentence. Even after *Booker*, however, this court reviews the district court's factual findings for clear error. *United States v. Zunie*, 444 F.3d 1230, 1236 (10th Cir. 2006). At the sentencing hearing, the government presented the testimony of Steven Woodson, an agent with the Drug Enforcement Administration. Woodson testified that Amador Moreno stated he

began distributing three-pound quantities of methamphetamine to Leiker every ten or eleven days in 2001. Amador Moreno further stated the amounts he delivered to Leiker increased to eight to ten pounds every ten or eleven days. Woodson also testified that Pedro Moreno stated he personally delivered ten to fifteen pounds of methamphetamine to Leiker every two months over the course of an eighteen to twenty-four month period. Based on this portion of Woodson's testimony, the district court's drug-quantity finding was not clearly erroneous.

The record demonstrates the district court considered both the sentencing factors listed in § 3553(a) and Leiker's objection to the court's findings on drug quantity. After a review of the record, we agree with counsel that there is no basis upon which Leiker can challenge her sentence as either unreasonable or unconstitutional under *Booker*. The only other possible basis for an appeal must relate to Leiker's conviction. Having independently reviewed the record, we can find no basis for a claim that Leiker's conviction was not supported by sufficient evidence or that the district court abused its discretion when it made any evidentiary rulings. Our review of the record reveals no other claims arguable on their merits, and we accordingly conclude Leiker's appeal is wholly frivolous.

Counsel's motion to withdraw is **granted** and this appeal is **dismissed**.  All outstanding motions are **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge